UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STEVE E. BODINE** | **CIVIL ACTION NO. 19-0955** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Steve E. Bodine, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus on approximately July 15, 2019, under 28 U.S.C. § 2254. [doc. # 1]. Petitioner attacks his aggravated rape conviction and the life imprisonment sentence imposed by the Third Judicial District Court, Union Parish.[1] For reasons below, the undersigned recommends that Petitioner's claim that his appellate counsel failed to communicate with him and failed to review the entire record be dismissed. The undersigned recommends that the Court retain the remaining claims.

### Background

On July 29, 2015, a jury found Petitioner guilty of aggravated rape. [doc. # 1, p. 1]. On August 10, 2015, the trial judge sentenced Petitioner to life in prison without parole. *Id.*

Petitioner attempted to appeal on October 24, 2016, but the appellate court denied the motion as untimely. *See State v. Bodine*, 52,205 (La. App. 2 Cir. 9/26/18), 257 So. 3d 249, 252, reh'g denied (Nov. 8, 2018) (recounting background). On May 15, 2017, Petitioner "filed an application for post-conviction relief, arguing that his trial counsel was ineffective." *Id.* "On

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

August 3, 2017, following an application for supervisory review, [the Court of Appeal of Louisiana, Second Circuit] remanded [Petitioner's] application for post-conviction relief to the trial court for consideration as a motion for out-of-time appeal. An out-of-time appeal was granted by the trial court on October 17, 2017." *Id.*

Subsequently, Petitioner's appellate counsel filed an *Anders* brief and a motion to withdraw, "alleging that he could find no nonfrivolous issues to raise on appeal." *Id.* "On April 27, 2018, [Petitioner] requested to review the appellate record and leave to file a pro se brief." *Id.* On approximately June 18, 2018, Petitioner filed a timely pro se appellate brief. *Id.* Petitioner's brief merely listed "alleged errors in, and objections to, the record[,]" prompting the appellate court to note, "Although U.R.C.A. Rule 1-3 states that this Court will review only issues 'which are contained in specifications or assignments of error,' because [Petitioner's] pro se brief was timely filed, [Petitioner's] complaints have been grouped and briefly reviewed, along with the record, for any discernable arguments." *Id.* at 252.

On September 26, 2018, the appellate court affirmed Petitioner's conviction and sentence. *Id.* at 255. Petitioner moved for rehearing the next day, and, on November 8, 2018, the appellate court denied the motion. [doc. #s 1, p. 4; 1-2, p. 48]. On March 25, 2019, the Supreme Court of Louisiana denied Petitioner's Application for Writ of Certiorari and/or Review. *State v. Bodine*, 2018-1756 (La. 3/25/19), 267 So. 3d 597. Petitioner does not indicate that he applied for certiorari before the United States Supreme Court.

Here, Petitioner claims: (1) that his trial counsel rendered ineffective assistance (approximately nine permutations); (2) that his appellate counsel failed to communicate with him and failed to review the entire trial record; (3) that the trial judge knowingly appointed a mentally ill defense counsel; (4) that the trial judge joked, read a novel, wore a silly bow tie,

2

laughed aloud, was inattentive, and went to his chambers without stopping the trial; (5) that the trial judge began attending the victim's church in 2015, but after sentencing Petitioner the judge returned to his original church; and (6) medical records, the victim's testimony, and photographs all demonstrate that Petitioner is innocent. [doc. # 1].

On October 16, 2019, following a preliminary review, the Court determined that Petitioner did not exhaust all of his claims. [doc. # 9]. The Court instructed Petitioner to state whether he wished to (1) voluntarily dismiss his unexhausted claims and proceed with only the exhausted claims; (2) dismiss the entire proceeding without prejudice, exhaust the unexhausted claims, and then return to federal court; or (3) move to stay the petition, hold the proceeding in abeyance, and then attempt to return to state court and exhaust his unexhausted claims. [doc. # 9]. On November 5, 2019, Petitioner chose the third option. [doc. # 10].

On November 8, 2019, the Court granted Petitioner's motion to stay subject to certain conditions. [doc. # 11]. On April 29, 2021, the Court lifted the stay. [doc. # 16].

On approximately June 25, 2021, Petitioner filed a purported "Addendum" to his petition, maintaining that he returned to state court and exhausted his once-unexhausted claims. [doc. # 17].

## Law and Analysis

The Court cannot consider Petitioner's claim that his appellate counsel failed to communicate with him and failed to review the entire record, [doc. # 1, pp. 5, 12], because Petitioner did not present this claim to all levels of state court before filing this Petition.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A).

The Fifth Circuit explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation. It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotation marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must present his claims to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, Petitioner did not fairly present his claim to all levels of state court in a procedurally proper manner. *See Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (observing that to give a state court "a fair opportunity" to review a claim, the petitioner must present his claims in a "procedurally proper manner according to the rules of the state courts.").

However, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Here, when Petitioner returned to the Supreme Court of Louisiana following this Court's stay, the Supreme Court of Louisiana denied the claims he presented, ruling:

> Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the

> limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review.

*State v. Bodine*, 310 So. 3d 167, (Mem)–168 (La. 2021).

Because Petitioner could not return to the state courts and exhaust his claim, the claim is "technically" exhausted. When a petitioner's claims are technically exhausted because "he allowed his state law remedies to lapse[,] . . . there is no substantial difference between nonexhaustion and procedural default." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *see Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where . . . the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."). Here, while technically exhausted, Petitioner's claims are procedurally barred.

A petitioner may be excepted from the procedural default rule if he can show cause for his default and "prejudice attributed thereto," or if he can demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that a petitioner failed to recognize the factual or legal basis for a claim or failed to raise the claim or objection despite recognizing it does not constitute cause for a procedural default. *Id.* at 486. In addition, neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Here, Petitioner does not offer any cause for his procedural default. Having failed to show an objective cause for his default, the Court need not determine whether prejudice exists. *See Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."). The undersigned does note, however, that even if Petitioner did establish cause for his default, it is unlikely that he could establish prejudice because he maintains that despite appellate counsel's failure (1) to review the entire record and (2) to communicate with him, he was able to file a pro se appeal, and he does not explain what he was unable to present or argue in his appeal without the effective aid of appellate counsel. Petitioner provides no reason to suspect that the state courts would rule in his favor on the claim had he raised it.

Thus, Petitioner's claim is procedurally barred from review absent a showing that a fundamental miscarriage of justice will occur if the Court does not review the merits of *this particular claim*. To establish a fundamental miscarriage of justice, Petitioner must provide evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Petitioner must show that "but for constitutional error, no reasonable fact-finder would have found [him] guilty of the underlying offense." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner presents no new evidence and does not argue that a fundamental miscarriage of justice will occur if the Court does not review his claim. Accordingly, the Court should deny the

claim because Petitioner failed to exhaust his state court remedies, and, although now technically exhausted, the claim is procedurally defaulted.

This Report and Recommendation provides Petitioner with notice that his claim is procedurally defaulted absent either cause and prejudice or a fundamental miscarriage of justice.[2] The fourteen-day objection period provides Petitioner with an adequate opportunity to respond.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Steve E. Bodine's claim that his appellate counsel failed to communicate with him and failed to review the entire record be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[2] *See Magouirk*, 144 F.3d at 359 (holding that "the Magistrate Judge's Memorandum and Recommendation placed [the petitioner] on notice that procedural default was a potentially dispositive issue with respect to three of his claims.").

7

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 7th day of July, 2021.

                                                  _____
                                                  Kayla Dye McClusky
                                                  United States Magistrate Judge